NO. PD-1363-14

## TO THE COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

---

## EMMANUEL VON ALLEN EVANS

Appellant

## V.

## STATE OF TEXAS

Appellee

---

Petition for Discretionary Review from the Fourteenth Court of Appeals
In No. 14-13-00476-CR, Affirming the Conviction
In Cause No. 133,9815
From the 248th District Court of Harris County, Texas
Honorable Katherine Cabaniss, Presiding

---

## PETITION FOR DISCRETIONARY REVIEW

---

**Mark A. Rubal**
**SBN 17360325**
**The Rubal Law Firm**
**15150 Middlebrook Dr.**
**Houston, Texas 77058**
**mrubal@ws-law.com**
**(281) 286-2222 Telephone**
**(281) 488-4597 Telefax**

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................... 2

INDEX OF AUTHORITIES.................................................... 3

STATEMENT REGARDING ORAL ARGUMENT.............. 4

STATEMENT OF THE CASE................................................ 4

PROCEDURAL HISTORY..................................................... 9

GROUNDS FOR REVIEW..................................................... 9

REASON FOR REVIEW......................................................... 9

ARGUMENT......................................................................... 10

PRAYER FOR RELIEF.......................................................... 15

CERTIFICATE OF SERVICE................................................ 16

CERTIFICATE OF FILING.................................................... 16

CERTIFICATE OF COMPLIANCE....................................... 17

APPENDIX:
> MEMORANDUM OPINION FROM THE FOURTEENTH COURT OF APPEALS, ISSUED SEPTEMBER 25, 2014.

# INDEX OF AUTHORITIES

## CASES

*Biggs v. State*, 921 S.W.2d 282 (Tex. App.-Houston [1st Dist] 1995, pet. ref'd)................................................................ 10

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007).................... 12

*King v. State*, 953 S.W.2d 266 (Tex.Crim.App. 1997)....................... 11

*Kotteakos v. U.S.*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)................................................................................. 11

*Morales v. State*, 32 S.W.3d 862 (Tex. Crim. App. 2000).................. 10

*Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002).................... 11

*Page v. State*, 88 S.W.3d 755 (Tex. App.-Corpus Christi 2000, rev'd on other grounds, 137 S.W.3d 75 (Tex.Crim.App. 2004))......... 11

*Schutz v. State*, 63 S.W.3d 442 (Tex. Crim. App. 2001)..................... 10

*Webb v. State*, 36 S.W.3d 164 (Tex. App.-Houston [14th Dist] 2000 pet. ref'd)............................................................................... 11

## CONSTITUTIONS, STATUTES, AND OTHER AUTHORITIES

*Tex. Code Crim. Proc. Ann* art. 38.072................................................ 10

*Tex. R. App. P.* 44.2(b)........................................................................ 11

## STATEMENT REGARDING ORAL ARGUMENT

In the event this Petition for Discretionary Review is granted, oral argument is waived unless it would otherwise aid the Court in determining the issue(s) presented.

## STATEMENT OF THE CASE

On March 8, 2012, Appellant Emmanuel Von Allen Evans ("Evans") was charged with Aggravated Sexual Assault of a Child, under cause number 133,9815. (CR, Vol. 1; p. 8). Evans was indicted on June 4, 2012, and enhanced with a prior conviction for sexual assault of a child. The indictment alleged that the Defendant [Evans] .. "on or about February 29, 2012, did then and there unlawfully, intentionally and knowingly cause the sexual organ of A.E., a person younger than fourteen years of age, to contact the mouth of the Defendant. (CR, Vol. 1; p. 15).

On May 28, 2013, a jury was selected to hear the charges against Evans. (CR, Vol. 1; pp. 173-178) and (RR, Vol. 3). The jury found Evans guilty as charged in the indictment on May 30, 2013. (CR. Vol. 1; p. 186) and (RR, Vol. 5; p. 40).

Thereafter, the Court heard punishment evidence and on May 30. 2013,

the Judge sentenced Evans to confinement for life in the institution division of the Texas Department of Criminal Justice. (CR, Vol. 1; pp. 188-189) and (RR, Vol. 5; pp. 42-52). On the same day, Evans filed his Notice of Appeal (CR, Vol. 1; pp. 192-193).

The evidence presented at trial showed that on February 29, 2012, around 10:00 PM, the complainant's mother, Tiffany Franklin ("Franklin") was taking a shower with her youngest child, in the master bath of her home in Katy, Harris County, Texas.[1] Evans, who was living with Franklin at the time, was in the master bedroom. Elijah, Franklin's oldest son, was in the living room at the home working on the computer. The complainant (A.E.) was in her bedroom, which was across the hall from the master bedroom.

Elijah testified that he saw a shadow going across the hall from the master bedroom to the complainant's bedroom. After about five (5) minutes, Elijah said he went to his sister's bedroom to check on her and saw Evans standing at the foot of A.E.'s bed. The complainant was on her bed, laying on her back and with her legs pointing out facing Evans. He couldn't recall if A.E. had her clothes on or not but he saw Evans with his pants down. Elijah

---

[1] At the time, the age of Franklin's four children were Elijah (16), the complainant (13) and two other younger daughters (5) and (3).

further testified Evans appeared to be masturbating based on the movements of his shoulder and arm. However, he did not see Evans' penis. Elijah asked Evans what he was doing and Evans said he could explain. Elijah then went into the master bath to tell his mom and Evans followed. When Evans was explaining to Franklin what happened, Elijah left the room.

Franklin testified when Elijah and Evans came into the master bedroom Elijah was upset. Elijah left the bedroom and called 911. Evans then supposedly admitted to Franklin that he went into the complainant's room and asked to see her private. Evans said he then pulled his penis out and began masturbating. He also stated that he pulled the complainant's panties to the side and started fondling her. Franklin said the only explanation that Evans gave for his conduct was that he tripped and blacked out. Franklin then talked to A.E. who told her that Evans had touched her private. Franklin couldn't remember if A.E. told her that night or sometime later that Evans had put his mouth on her private.[2]

---

[2] When the police arrived at the house they separated everyone, handcuffed Evans and put him in a patrol car. The officers did take statements from both Elijah and Franklin. Franklin did not mention in her statement that A.E. told her Evans had put his mouth on her private. However, Franklin did testify in front of the jury that sometime after A.E. was seen at the Child Assessment Center, but before Evans was arrested that A.E. did outcry to her that Evans had put his mouth on her private.

After Elijah called 911, EMS were the first to arrive at the house. The paramedics checked out A.E. in the ambulance and then left her at the scene. The police arrived while A.E. was still being checked out by EMS. Deputy Papa, with the Harris County Sheriff's Office, did talk briefly to the complainant. He also spoke with both Elijah and Franklin and obtained written statements from them about what had occurred. Two other deputies showed up at the house, but no one did a formal interview with A.E. Franklin did provide the officers the complainant's panties, shorts, and shirt which were tagged as evidence. The evidence was never tested. Franklin further testified that she was told to take A.E. to the hospital that evening. However, Franklin said she chose not to take the complainant at that time because A.E. did not want to go.

Franklin was contacted by child protective services the next day. On March 2, 2012, she took Elijah and A.E. to the Child Assessment Center in Houston and they both provided formal statements. A.E. was also examined by Dr. Reena Isaac, a pediatrician at Texas Childrens Hospital, and assigned to the Child Assessment Center on March 7, 2012. Dr. Isaac testified that the examination of A.E. was normal and A.E. never told her anything about Evans putting his mouth on her private.

A.E. did testify at the trial. She told the jury that Evans did put his mouth on her private, but she also admitted that she never told anyone at the Child Assessment Center that Evans had put his mouth on her private, except for the doctor (Dr. Isaac) who examined her. A.E. said she told her mom about the allegation, she told the prosecutor about the allegation, and she provided a written statement about the allegation to a police officer the night of the incident. However, no written statement was ever produced by the State and no officer could testify that they ever took or received a written statement from A.E. the night of the incident.

Notwithstanding, on or about March 6, 2012, Franklin testified she called Evans and recorded the conversation. The recording was admitted as State's Exhibit 1. When the prosecutor played the recording for the jury, he also provided a transcript of the recording for the jury to follow. Franklin identified Evans as the other person on the recording and during the conversation Evans supposedly admitted that he did put his mouth on the private area of A.E.

Evans did not testify in the trial.

The appellate record consists of one (1) volume of the Clerk's Record (CR, Vol. 1; p. ___), one (1) supplemental volume of the Clerk's Record

(SUPP. CR, Vol. 1; p. ___) and six (6) volumes of the Reporter's Record (RR, Vol. ___; p.___).

## PROCEDURAL HISTORY

On September 25, 2014, in an un-published opinion, the Fourteenth Court of Appeals affirmed the judgment against Appellant. (The opinion is attached as the Appendix to this petition). No motion for rehearing was filed, but Evans did file a pro se motion to extend the time to file a petition for discretionary review, which was granted by the Court of Criminal Appeals. The deadline for filing a petition for discretionary review is December 29, 2014.

## GROUND(S) FOR REVIEW

1.  THE TRIAL COURT ERRED BY ADMITTING OUTCRY TESTIMONY THAT WAS NOT PROPERLY DESIGNATED UNDER ART. 38.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

## REASON FOR REVIEW

On appeal, Evans complained about the State's failure to provide him notice of any outcry statement(s) relating to the allegations in the indictment. Specifically, Evans objected to the testimony by Franklin that A.E. had told her

Evans put his mouth on her private. (RR, Vol. 4; pp 91-92). The Court of Appeals held that the State did not satisfy the procedural requirement of notice under article 38.072 of the Texas Code of Criminal Procedure. Nonetheless, the Court determined that the error was harmless since the admitted hearsay testimony did not affect Evans' substantial rights. *(See Pp. 5-7 of Memorandum Opinion*; citing *Schutz v. State*, 63 S.W.3d 442, 443 (Tex. Crim. App. 2001), *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000), and *Biggs v.* State, 921 S.W.2d 282, 287-88 (Tex. App.-Houston [1st Dist] 1995, pet. ref'd). Evans believes the Court of Appeals was wrong and respectfully requests this Honorable Court to review his case further.

## ARGUMENT

1. THE TRIAL COURT ERRED BY ADMITTING OUTCRY TESTIMONY THAT WAS NOT PROPERLY DESIGNATED UNDER ART. 38.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

The Court of Appeals relied upon the complainant's testimony (that Evans put his mouth on her private) and the recorded telephone conversation, allegedly between Evans and Franklin (wherein he admitted licking the complainant's private), to conclude that the erroneously admitted hearsay was

harmless. *(See P. 7 of Memorandum Opinion)*. In order to find harmful error a reviewing court must determine if the error affected the Appellant's substantial right(s). *Tex. R. App. P.* 44.2(b).

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Page v. State*, 88 S.W.3d 755 (Tex. App.-Corpus Christi 2000, rev'd on other grounds, 137 S.W.3d 75 (Tex.Crim.App. 2004)) and *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750, 766, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). If the reviewing court is unsure whether the error effected the outcome then it should be treated as harmful. *Page* at 766; *Webb v. State*, 36 S.W.3d 164, 182(Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

The material factors in conducting a harm analysis are: (1) the evidence admitted, (2) the nature of the evidence supporting the verdict, including whether the evidence was overwhelming, (3) the character of the alleged error and how it might be considered in conjunction with other evidence in the case, (4) the jury instructions, (5) the State's theory and any defensive theories, (6) closing arguments, (7) voir dire, and (8) whether the State emphasized the error. *Page* at 766; citing *Motilla v. State*, 78 S.W.3d 352, 355-57

(Tex.Crim.App. 2002).

In this case the State chose to charge Evans with the allegation that he "caused the sexual organ of A.E. to contact his mouth". The evidence admitted by the State to prove the allegation included the testimony of A.E, the testimony of Franklin and the recording allegedly between Franklin and Evans. No other witness testified to the substantive allegations in the indictment.

The Trial Attorney for Evans emphasized the absence of any other testimony concerning the allegation in her closing. She pointed out to the jury that the brother of the complainant who walked into the room with Evans and A.E. could not testify exactly what happened. (RR, Vol. 5; p. 14). Nor was he able to tell the 911 operator what happened. (RR, Vol. 5; p. 15). Additionally, Trial Counsel for Evans told the jury that A.E. never told the forensic examiner at the Child Assessment Center about the allegation nor did she tell Dr. Isaac, who examined her after the incident, about the allegation. (RR. Vol. 5; p. 17). In essence, Evans argued that the truth of the allegation was solely dependant on the jury's assessment of the credibility of Franklin and A.E.

Both Franklin and A.E. contradicted testimony of other witnesses. A reviewing court must give deference to the jury to fairly resolve conflict in testimony. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

However, by the Trial Court improperly admitting the complained about hearsay, the Judge gave the State more ammunition to bolster the credibility of both Franklin and A.E.

The credibility of Franklin was essential because the jury needed to believe her testimony about the recording she made which was allegedly between Evans and herself. No witness, other than Franklin could provide any testimony about the recording. Trial Counsel for Evans even pointed out the issue to the jury arguing that absent Franklin's testimony there was no other evidence to prove up the recording. No cell phone records were introduced to connect the call to Evans. (RR, Vol. 5; p. 27).

A.E.'s testimony was equally essential to support the jury's verdict. She related to the jury that she told her mom (Franklin) and the prosecutor (Aaron Burdette) about the specific allegation in the indictment. In fact, the testimony suggests that the prosecutor may have been the proper outcry witness for the indicted allegation. (RR, Vol. 4; p. 156). Additionally A.E. testified that she told Dr. Isaac about the specific allegation and provided a written statement containing the allegation to Deputy Pappa. Deputy Pappa was the officer who first investigated the incident at the Franklin home on February 29, 2012. But, the doctor's records clearly show that A.E. never told him about the allegation.

Furthermore, Deputy Pappa testified he never received any such statement from A.E. on February 29, 2012 or any time after.

Nonetheless, the prosecutor did use the asserted outcry in his closing argument to support the phone recording and the complainant's credibility. He argued that:

> "If you don't believe A.E. and Elijah, do you believe the defendant when he says what he did to her? If you still want more evidence, let's listen to this call. (Tape played.) She told me that. She told me that, too. It's the last line that I just played for you. She told her mother before March 6, 2012, what he did to her. So any argument or suggestion that I was the first person that told is misplaced because the recording was made on March 6, 2012." (RR, Vol. 5; pp. 34-35).

Accordingly, given the evidence proffered at trial and the importance of the credibility issue(s), it is reasonable to conclude that the error by the Trial Judge in admitting the hearsay evidence did affect a substantial right of Evans. The State was able to unfairly bolster the testimony of both Franklin and A.E. with the objectionable testimony. At the same time, Evans was prejudiced because he should have been able to rely on the State's failure to provide him statutory notice of any outcry evidence in preparing his defense. Under the

circumstances, it is logical to conclude that the error did have a substantial and injurious effect or influence in determining the jury's verdict. Alternatively, if the Court is unsure whether the error may have effected the outcome then the error should still be treated as harmful. As a result, the error cannot be considered harmless and the conviction should be reversed.

## **PRAYER FOR RELIEF**

Evans respectfully prays that the Court of Criminal Appeals review his case and after re-examination reverse his conviction, remand his case back to the Trial Court or the Court of Appeals for further analysis or enter an order for acquittal. Appellant further requests any and all such other relief to which he may be legally and justly entitled.

Respectfully Submitted,

/s/        Mark A. Rubal
By:   Mark A. Rubal
SBN 17360325
**The Rubal Law Firm**
15150 Middlebrook Dr.
Houston, Texas 77058
mrubal@ws-law.com
(281) 286-2222 Telephone
(281) 488-4438 Telefax
**Attorney for Appellant**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Petition was served upon the District Attorney of Harris County, Texas, on this the 23rd day of December, 2014, by mailing a copy to the Appellate Division, 1201 Franklin, 6th Floor, Houston, Texas 77002.

I further certify that, on the same day, a true and correct copy of this Petition was mailed to Appellant, Emmanuel Evans, SPN 1862965, Telford Unit 7H2-27, 3899 State Highway 98, New Boston, Texas 75570 by CMRRR NO. 7013 1710 0001 3124 4090.

/s/       Mark A. Rubal
Mark A. Rubal

## CERTIFICATE OF FILING

I further hereby certify that the foregoing petition and Appendix was filed with the Clerk of the Court using the CM/ECF System on December 23, 2014.

/s/       Mark A. Rubal
Mark A. Rubal

# <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to TEX. R. APP. PROC. 9.4, undersigned counsel certifies that this brief complies with the form requirements of the rule and exclusive of the portions exempted by the rule, this brief contains 2,488 words printed in a proportionally spaced typeface.

_/s/        Mark A. Rubal_____
Mark A. Rubal